

# The Attorney General of Texas

September 9, 1980

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. Ron Jackson
Executive Director
Texas Youth Council
8900 Shoal Creek Boulevard
Austin, Texas 78766

Opinion No. MW-237

Re: Whether Texas Youth Council may provide residential care to an individual on adult probation

Dear Mr. Jackson:

The Texas Youth Council (TYC) is presently providing residential services to three juveniles who were committed to TYC for delinquent conduct pursuant to Title 3 of the Family Code and who, because of different offenses, are also on adult probation. Two were committed to TYC and were then tried as adults, either after discretionary transfer pursuant to section 54.02 of the Family Code or for offenses committed after becoming seventeen years of age. The third was initially transferred pursuant to section 54.02, was convicted and placed on adult probation, and was then committed to TYC for delinquent conduct consisting of a felony committed prior to the offense for which he was convicted as an adult. Your question is whether TYC may provide residential care to, and exercise control over, a person who has been validly committed to TYC for delinquent conduct when such person is also on adult probation.

The Texas Youth Council is governed by the Human Resources Code, which became effective September 1, 1979. See section 61.001 et seq. Section 61.001(5) of the Code defines a "delinquent child" as a "child adjudged to be a delinquent child under Section 54.03 of the Family Code," which distinguishes children who engage in "delinquent conduct" from those who merely engage in conduct "indicating a need for supervision." The former are defined in section 51.03 as children who engage in:

> (a) . . .conduct, other than a traffic offense, that violates:
> (1) a penal law of this state punishable by imprisonment or by confinement in jail; or
> (2) a reasonable and lawful order of a juvenile court entered under section 54.04 or 54.05 of this code, including an order prohibiting conduct referred to in Subsection (b)(4) of this section.

p. 749

Pursuant to section 54.04(d) of the Family Code, a court may, following a hearing at which it is adjudged that a child has engaged in delinquent conduct, commit the child to the Texas Youth Council. TYC shall, furthermore, "accept a child properly committed to it by a juvenile court even though the child may be 17 years of age or older at the time of commitment." Section 54.04(e).

The Human Resources Code directs TYC to administer the training, diagnostic treatment, and supervisory facilities and services of the state for "delinquent children" committed to it and authorizes TYC to utilize state-owned detention, supervisory, educational, correctional and other facilities, institutions, and agencies for this purpose and to enter into agreements with appropriate public or private agencies for the separate care and treatment of juveniles under its control. Sections 61.002, 61.032, 61.036-.040. Delinquent children, assuming they are not released unconditionally, or placed on probation or in some institution or agency other than a state training school, are to be committed to TYC, sections 61.062-.063, which then determines appropriate treatment and placement of the child. Section 61.071 et seq. TYC may release under supervision any delinquent child in its custody in accordance with the provisions of section 61.081, but in any event "shall discharge from its custody a child not already discharged on his or her 18th birthday." Section 61.084.

We think it clear from the foregoing provisions that TYC has jurisdiction of and control over any child who has been adjudged "delinquent" within the meaning of the Human Resources Code and the Family Code and has been properly committed to it until such time as the child reaches eighteen years of age or is otherwise released from its jurisdiction. We can find nothing that indicates, or even suggests, that TYC forfeits its jurisdiction over a delinquent child who has been properly committed to it, and who would otherwise clearly be under its control and eligible for its services, merely because the child is placed on adult probation following conviction of some other offense. Accordingly, the answer to your question is that TYC may provide residential care to, and exercise control over, a child who has been validly committed for delinquent conduct, notwithstanding that such child is also on probation as an adult.

## SUMMARY

The Texas Youth Council may provide residential care to, and exercise control over, a person who has been validly committed for delinquent conduct, even though the person is also on adult probation.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

Prepared by Jon Bible
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
Jon Bible
Dawn Bruner
Susan Garrison
Rick Gilpin
Bruce Youngblood